# The White Company, Appellant, *v.* Harry S. Bowen.

*Replevin—Bailment lease—Automobile chassis.*

In an action of replevin to recover possession of a leased automobile chassis, the lease described the property as follows: "One used White Commercial Chassis, Serial No. 45427, together with all added and substituted parts and equipment, bodies and accessories placed on either the body or the chassis during the life of

this lease, whether because of necessary repairs, replacements and additions or otherwise."

It appeared that the defendant in his affidavit of defense denied the plaintiff's ownership of the body, and set up his own title thereto. On a rule for judgment for want of a sufficient affidavit of defense, the court held that the plaintiff might have obtained judgment for the chassis, but that the claim in the declaration was too broad and discharged the rule.

*Held:* that a proper construction of the contract gave the plaintiff the right to resume possession of what it had bailed to him, with such replacements as the defendant might have added thereto by way of substitution for broken or discarded parts; but that since the chassis as delivered to the defendant was without a body, that used by the defendant in connection with it could not be regarded as a replacement or substitution and, therefore, it belonged to the defendant, and that, under the contract, the plaintiff had no right of possession of the body.

Submitted December 12, 1924. Appeal, No. 275, Oct. T., 1924, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1923, No. 4093, discharging rule for judgment for want of a sufficient affidavit of defense, in the case of The White Company v. Harry S. Bowen. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Replevin for automobile chassis. Before AUDENRIED, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The court discharged the rule. Plaintiff appealed.

*Error assigned* was the decree of the court.

*William F. Brennan,* and with him *Joseph A. Allen,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., February 27, 1925:

The action was in replevin. The appeal is from the refusal of the court below to enter judgment for the plaintiff for want of a sufficient affidavit of defense. The question involved is whether the bailor of an automobile chassis, in repossessing itself of the leased property, pursuant to the contract, on default of the bailee, is entitled to take and retain as its property an automobile body purchased by the bailee from a different manufacturer and placed by him on the chassis subsequent to the contract of bailment.

The White Company leased to the defendant "one used White Commercial Chassis, Serial No. 45427, together with all added and substituted parts and equipment, bodies and accessories placed on either the body or the chassis during the life of this lease, whether because of necessary repairs, replacements and additions or otherwise." Plaintiff contended that as the body was placed on the chassis by the defendant during the life of the lease, on his default, it was entitled, under the foregoing clause, to take and retain as its property not only the chassis but the body as well. It therefore replevied the entire truck and in its declaration claimed ownership and right of possession of both chassis and body. Defendant, in his affidavit of defense, denied plaintiff's ownership of the body and set up his own title thereto. On a rule for judgment for want of sufficient affidavit of defense the learned court below held that the plaintiff might have obtained judgment for the chassis, but that the claim in the declaration was too broad and discharged the rule.

The appellant must rely, if at all, on the special provisions of its contract. The general doctrine is well expressed in Ruling Case Law (Vol. 1, pp. 118, 119), as follows: "An article repaired by the addition of the repairer's materials, provided it remains substantially the same thing, belongs, together with the additional materials, to the owner of the original article. So, a

wornout wagon which is repaired by the addition of materials of greater value than the wagon in its defective condition belongs, nevertheless, to the owner of the wagon, though the mechanic has his lien. But it seems that when the repairs may be severed from the original materials, without detriment to the rest of the article, they do not become the property of the owner of the article repaired, as where the repairs consist of new wheels and axles for a wagon." It is well known that a chassis and motor body, although joined together to form a truck, may easily be separated without injury to either.

But appellant points to the clause in the lease above quoted as justifying its position. The clause relied upon forms part of the description of the subject-matter leased; it is not a provision defining the terms and conditions of the contract. It purports to designate the property belonging to the bailor and leased by it to the bailee and for which the latter was to pay rent. It does not specifically provide that parts and equipment, etc., added by the bailee to the chassis during the life of the contract shall become the property of the bailor, but only describes the subject-matter delivered and leased by the bailor to the bailee; and if construed most strongly against the bailor, as it should be, it would not be held to cover anything else. How from such a clause, alone, can it be held that the bailor is leasing to the bailee property not yet in existence, and never in the ownership or possession of the former? It is broad enough to cover any parts, equipment, body or accessories which might be placed on the chassis by the bailor during the life of the contract.

But even if construed to extend the provisions of the lease to parts, equipment, etc., added by the bailee to the chassis it must, on any fair and reasonable interpretation, be confined to such articles as were furnished by the bailee by way of repair, replacement or substitution. In drawing up the contract a printed form was used which was intended for the bailment of a complete truck

and not of a chassis only; for in its printed portions and except where "chassis" is written in the blank space left for the description of the bailed article, the agreement always refers to the "said truck." The printed words, "together with all added and substituted parts and equipment, bodies and accessories placed on either the body or the chassis during the life of this lease, whether because of necessary repairs, replacements and additions or otherwise," must, therefore, be construed in relation to complete trucks with body and chassis, and in mentioning "bodies," are intended to refer only to bodies supplied by way of replacement or substitution to a complete truck having a body when leased to the bailee. In the language of the court below: "The word 'bodies' like the word 'accessories' embraces only articles procured by the bailee to take the place of similar articles forming part of the trucks for the bailment of which the form was intended to provide. It would, of course, be impossible to add a body to a complete truck. Such an addition must necessarily be by way of substitution or replacement. The words 'or otherwise' add nothing to the enumeration of particular cases which precedes them."

We concur in the admirable summary of that court: "It is our opinion that, under a proper construction of the contract between the plaintiff and defendant, the latter's failure to make the payments that he had agreed to make, gave the plaintiff the right to resume possession of what it had bailed to him, with such replacements as the defendant may have added thereto by way of substitution for broken or discarded parts; but that since the chassis as delivered to the defendant was without a body, that used by the defendant in connection with it cannot be regarded as a replacement or substitution and, therefore, is something which still belongs to him and over which the contract gives the plaintiff no right of possession. The rule for judgment, relating, as it does, to

484, (1925).]           Opinion of the Court.
the entire truck replevied by the plaintiff, must be discharged."

The judgment is affirmed, with a procedendo.